ACCEPTED
04-15-00155-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/13/2015 11:24:05 AM
KEITH HOTTLE
CLERK

NO. 04-15-00155-CV

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/13/2015 11:24:05 AM
KEITH E. HOTTLE
Clerk

BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM
APPELLANT

VS.

PAUL DOUGLAS HARLAN

APPELLEE

APPEAL FROM THE 150th DISTRICT COURT
BEXAR COUNTY, TEXAS

**APPELLANT'S REPLY BRIEF**

LAURA A. CAVARETTA
State Bar No. 04022820
CAVARETTA, KATONA & LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Phone: 210/588-2901
Fax: 210/588-2908
cavarettal@ckl-lawyers.com

# INDEX

Table of Authorities ................................................................................................. ii

Statement of the Case ............................................................................................... 1

Reply Issue ................................................................................................................ 3

Statement of Facts .................................................................................................... 3

Summary of the Argument ....................................................................................... 5

Argument and Authorities ........................................................................................ 6

    Appellee improperly refers to documents which are not part of the record
    before this Court and his sole reliance on "evidence" not before the trial
    court is insufficient to establish that the trial court did not abuse its
    discretion when it denied UHS' Motion to Dismiss despite clear evidence
    that Plaintiff failed to serve an expert report on UHS' counsel as mandated
    by Chapter 74 of the Civil Practice and Remedies Code ............................... 6

Conclusion ............................................................................................................... 10

Prayer ...................................................................................................................... 11

Certificate of Compliance ...................................................................................... 12

Certificate of Service .............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Reynolds Tile and Flooring, Inc.,*
120 S.W.3d 417 (Tex. App.--Houston [14th Dist.] 2003, no pet.) ........................... 8

*Burke v. Insurance Auto Auctions, Corp.,*
169 S.W.3d 771 ........................................................................................................ 8

*Fox v. Wardy,*
234 S.W.3d 30 (Tex. App.--El Paso 2007, pet. dism'd) ........................................... 8

*Schlafly v. Schlafly,*
33 S.W.3d 863 (Tex. App.--Houston [14th Dist.] 2001, pet. denied) ....................... 8

*Stockton v. Offenbach,*
336 S.W.3d 610 (Tex. 2011) ................................................................................... 10

**Statutes**
TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (West) ......................................... 10

**Rules**
TEX. R. APP. P. 38.1(g) ........................................................................................... 8,9

TEX. R. APP. P. 38.6(b) .............................................................................................. 2

NO. 04-15-00155-CV

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM

APPELLANT

VS.

PAUL DOUGLAS HARLAN

APPELLEE

APPEAL FROM THE 150th DISTRICT COURT
BEXAR COUNTY, TEXAS

**APPELLANTS' REPLY BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Now comes THE BEXAR COUNTY HOSPITAL DISTRICT d/b/a

UNIVERSITY HEALTH SYSTEM [hereinafter UHS], Appellant in the above-

referenced cause, and files this its Appellant's Reply Brief as follows:

**STATEMENT OF THE CASE**

This is an interlocutory appeal from the denial of a Motion to Dismiss a

health care liability action for failure to serve a copy of the expert report or the

expert's curriculum vitae on UHS or its counsel.( CR 20) The Motion was heard and denied by Judge Larry Noll, who entered an Order on February 26, 2015.(CR 54) The denial of the Motion is subject to review by interlocutory appeal, and therefore, UHS filed its Notice of Appeal on March 16, 2015. (CR 56) UHS filed is Appellant's Brief on May 8, 2015. Pursuant to TEX. R. APP. P. 38.6(b), Appellee's Brief was due on May 28, 2915. On June 4, 2015, this Court issued an Order noting that Appellee had failed to file a Brief or a Motion for Extension of Time. This Court then ordered Appellee to file a Brief on or before June 15, 2015 and indicated "If the brief is not filed by this date, the case may be submitted without appellee's brief." Appellee failed to file a brief on or before June 15, 2015.

On June 24, 2015, this Court entered an Order setting the case for submission on briefs only, on July 15, 2015 before a panel consisting of Justice Marion, Justice Bernard and Justice Alvarez. On June 24, 2015, Appellee filed a Motion for Extension of Time, seeking a 30 day extension of time to file Appellee's Brief. On June 26, 2015, this Court granted the Motion, in part, and ordered Appellee to file his brief no later than July 10, 2015. On July 10, 2015, Appellant's counsel was served with a copy of Appellee's Brief. It is not known if the brief was electronically filed with the Court.

Appellee's Brief is not in compliance with the Rules of Appellate Procedure or the law governing appellate practice. Appellee has included in his Appendix,

2

two documents which are outside the record, which were not admitted into evidence at the hearing and which should not be considered by this Court. (Appellee's Appendix 1, 4) Appellee's Statement of Facts contains no references to the Reporter's Record or to the Clerk's Record, and instead, refers to "Exhibits" to the Brief. For these reasons, Appellant files this its Reply Brief and requests that the Court disregard all references to documents outside the record; that the Court not consider evidence which was not admitted at the hearing on the Motion to Dismiss; and that the Court not accept as true, the Statement of Facts contained in Appellee's Brief.

## REPLY ISSUE

Appellee improperly refers to documents which are not part of the record before this Court and his sole reliance on "evidence" not before the trial court is insufficient to establish that the trial court did not abuse its discretion when it denied UHS' Motion to Dismiss despite clear evidence that Plaintiff failed to serve an expert report on UHS' counsel as mandated by Chapter 74 of the Civil Practice and Remedies Code.

## STATEMENT OF FACTS

This is a health care liability claim filed pursuant to Chapter 74 of the Civil Practice and Remedies Code against UHS and three physicians.(CR 1) Prior to filing suit, Plaintiff sent a Notice of Healthcare Claim letter addressed to five physicians and "University Health Care System" at 4502 Medical Drive.(RR Exhibit 1) On June 25, 2014, UHS sent a letter, by certified mail, return receipt requested, to Plaintiff acknowledging receipt of the claim letter, but the letter was

3

returned unclaimed.(RR Exhibit 2, 3) On June 4, 2014 a letter was sent by regular mail to Plaintiff, by Tim Boughal, an attorney with the Office of General Counsel of the University of Texas System, also acknowledging receipt of the claim.(RR Exhibit 4) This letter requested that Boughal be provided with any expert reports which supported Plaintiff's claim.(RR Exhibit 4)

On July 17, 2014, again, before suit was filed and in response to Boughal's request, Plaintiff's counsel forwarded an expert report to Boughal at the University of Texas System, Office of General Counsel in Austin, which he asserted was to "serve as support to the statement that acts or omissions specified in the complaint [sic] doctors fall below the standard of care for treatment of Mr. Harlan's type of fractures."(RR Exhibit 5) The letter did not indicate that the expert report was being served pursuant to Chapter 74 or that it was intended to comply with the mandate of Chapter 74, and a copy was not sent to UHS.(RR Exhibit 5)

Thirteen days later, on July 30, 2014, Plaintiff filed suit against UHS and three physicians, and directed that UHS be served through its registered agent at 4502 Medical Drive.(CR 1) On August 21, 2014, UHS filed its Plea in Abatement, Special Exceptions and Original Answer, in which it denied that the physicians named in the claim were its agents, servants or employees.(CR 9) No Answers were filed on behalf of the three physicians.(CR 63-65)

Chapter 74 requires Plaintiff to serve on UHS or its counsel an expert report

4

and curriculum vitae within 120 days from the date that UHS filed its Answer.(CR 20) Plaintiff failed to do so.(CR 20) After the deadline expired, UHS filed a Motion to Dismiss, alleging that the provisions of §74.351 mandate dismissal because Plaintiff did not serve his expert report on UHS or its counsel.(CR 20) In an attempt to avoid application of the mandatory dismissal provision, Plaintiff asserted that the delivery of the report on the UT System lawyer, Timothy Boughal, before suit was filed, constituted service on UHS or its counsel because it was their "understanding" that he was "representing the defendants in the case."(RR 9)

At the hearing on the Motion to Dismiss, five exhibits were offered and admitted into evidence.(RR 2) Each of these documents was offered by defense counsel, and no objection was made by Plaintiff's counsel.(RR 4,5,6,7) Plaintiff's counsel offered no documents into evidence.(RR 8-11) Plaintiff now attempts, on appeal, to rely on documents which were not admitted into evidence, to support the trial court's ruling. This Court should disregard the "evidence" referred to in Appellee's Brief because it was neither offered nor admitted into evidence at the hearing on the Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

Section 74.351(a) is very clear. It specifically requires that an expert report and CV be served on the party or the party's attorney within 120 days of the date

5

each defendant's original answer is filed. It provides for no "good cause" exception or "excusable neglect" exception. It mandates that, if the expert report and CV are not served on each party or the party's attorney, the trial court *shall,* on motion of the affected health care provider, dismiss the claim and award reasonable attorneys' fees and costs.

Plaintiff attempts to provide this Court with, and to rely upon, documents which were not offered or admitted into evidence in the trial court, in order to justify the trial court's ruling. This Court cannot use evidence not offered or admitted in the trial court as a basis for affirming a trial court's ruling. Texas courts have repeatedly held that pre-suit delivery of an expert report does not comply with the statutory "service" requirement and that the trial courts are not free to disregard the mandatory language of the statute. This Court must correct the trial court's error, reverse the trial court's ruling, and remand the matter to the trial court for an evidentiary hearing on reasonable attorney's fees and costs.

## ARGUMENT AND AUTHORITIES

**Appellee improperly refers to documents which are not part of the record before this Court and his sole reliance on "evidence" not before the trial court is insufficient to establish that the trial court did not abuse its discretion when it denied UHS' Motion to Dismiss despite clear evidence that Plaintiff failed to serve an expert report on UHS' counsel as mandated by Chapter 74 of the Civil Practice and Remedies Code.**

At the hearing on the Motion to Dismiss, Plaintiff's counsel made statements

6

about what had transpired prior to and after the Motion to Dismiss was filed, but he did not offer any evidence of these facts.(RR 8-11) Appellee's Brief places almost total reliance on an attorney's self serving Affidavit and a that same attorney's self-serving letter, neither of which were admitted into evidence.(Appellee's Brief p. 7-9, p. 14-15) Appellee's Brief erroneously claims that the Affidavit "was entered as an exhibit at the hearing on UHS's Motion to Dismiss."(Appellee's Brief, p. 7) He further incorrectly asserts the Affidavit "was presented to the trial court judge in the hearing on the Motion to Dismiss."(Appellee's Brief p. 9) Appellee also asserts that "counsel for UHS provided no evidence whatsoever to the trial court, instead relying on the argument of counsel alone."(Appellee's Brief, p. 9) All of these assertions are incorrect and are contradicted by the record before this Court.

Not surprisingly, Appellee's Brief contains absolutely no references to the Reporter's Record or the Exhibits attached thereto. It contains few references to the Clerk's Record and most of the factual assertions contain either no record reference, or an improper reference to "Exhibits" attached to Appellee's Brief. The following statements are contained in Appellee's brief and lack any record reference whatsoever:

"This fact was presented as evidence to the trial court in the form of Plaintiff counsel's affidavit and argued in the hearing on the Motion to Dismiss." (Appellee's Brief, p. 13)
"...counsel for UHS (Mrs. Laura A. Cavaretta) had a phone conversation discussing authorization form, medical records as well as details of Dr. Bush's report. This was also presented to the trial court judge as evidence in support of

7

Plaintiff's position that UHS had not only been served with a copy of the report and CV but also that UHS had in fact received the report and CV." (Appellee's Brief, p. 14)

Appellee's failure to provide this Court with record references is improper. Appellee's reliance on evidence not admitted at the hearing and Appellee's blatant misrepresentation of what evidence was and was not offered and admitted at the hearing also is improper. Rule 38.1 mandates that the Statement of Facts be supported by record references. TEX. R. APP. P. 38.1(g); *Burke v. Insurance Auto Auctions, Corp.,* 169 S.W.3d 771, 775 (Tex. App.--Dallas 2005, pet. denied). Further, an appellate court cannot consider documents which are outside the appellate record. *Adams v. Reynolds Tile and Flooring, Inc.,* 120 S.W.3d 417 (Tex. App.--Houston [14th Dist.] 2003, no pet.) An affidavit attached to an appellate brief which was not in evidence in the trial court cannot be considered by an appellate court. *Fox v. Wardy,* 234 S.W.3d 30, 33 (Tex. App.--El Paso 2007, pet. dism'd). In *Schlafly v. Schlafly,* 33 S.W.3d 863 (Tex. App.--Houston [14th Dist.] 2001, pet. denied) the court discussed "the critical role of the appellate advocate in accurately and fairly representing the appellate record in briefing...." *Id.* at 872. The court admonished that counsel who "mischaracterize or misrepresent the facts in the appellate record impose a tremendous hardship on the reviewing court and its staff." *Id.* at 873.

In addition, a court will accept facts in any brief as true if those facts are not

8

contradicted in the opposing party's brief. TEX. R. APP. P. 38.1(g). In light of the blatant misrepresentations that the Affidavit and letter *were* admitted into evidence when they clearly were not; and in light of the blatant misrepresentation that UHS offered no evidence but instead relied solely on argument of counsel when the opposite is true, UHS' counsel was compelled to prepare and file this Reply Brief so that the mischaracterizations would not go unchallenged. Had the Affidavit and letter been offered into evidence, a hearsay objection certainly would have been asserted. The self-serving letter and self-serving affidavit by Plaintiff's counsel are clearly hearsay and admission of those documents would have allowed for testimony by counsel without being subject to cross examination. The credibility of said counsel is clearly at issue in light of the misrepresentations made in Appellee's Brief.

Review of the 16 page Reporter's Record (which contains as attachments, the 5 exhibits offered by UHS' counsel and admitted into evidence) confirms that the attorney who failed to put on any evidence and instead, relied solely on argument of counsel, is Plaintiff's counsel and not, as argued by Appellee, counsel for UHS. This Court should disregard all arguments which rely on evidence not admitted at the hearing on the Motion to Dismiss. This Court should not consider or rely on the two documents attached to Appellee's Brief as Exhibits 1 and 4 in considering the issues on appeal and this Court should not accept as true, any of

the facts presented in Appellee's Brief.

Appellee's position in this appeal is that the trial court had discretion to impose a "good faith effort" standard for compliance with §74.351(a) and (b) of the Civil Practice and Remedies Code. For the reasons asserted in Appellant's Brief, this is an improper. The statute vests no discretion in the trial court with respect to application of its provisions. TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (West). This matter is reviewed, not by an abuse of discretion standard, but instead, *de novo. Stockton v. Offenbach,* 336 S.W.3d 610, 614 (Tex. 2011).

The trial court disregarded the plain language of the statute and that it improperly applied a "due diligence" exception to the case, despite a clear statutory indication that the application of the statute was not discretionary. Plaintiff did not comply with the requirement that it serve an expert report on UHS or its attorney within 120 days from the date UHS filed its Answer and Plaintiff's attempt to rely on evidence outside the record to establish the contrary is improper and should not be allowed. This Court should reverse the trial court's Order and remand the case to the trial court so that an evidentiary hearing may be conducted to determine the amount of costs and attorney's fees to be awarded to this Defendant.

## CONCLUSION

UHS was entitled to dismissal of the claims against it pursuant to §74.351(a) and (b) of the Civil Practice and Remedies Code. Plaintiff did not

comply with the mandatory provisions of the statute. Plaintiff has attempted to go outside the record to establish alleged compliance with the statute. This Court cannot consider evidence not admitted at the hearing on the Motion to Dismiss to support the trial court's ruling. The trial court and this Court cannot apply a "due diligence" standard when the statute contains a clear mandate. This Court must reverse the trial court's ruling and remand the case to the trial court for an evidentiary hearing on costs and attorney's fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that the Court not consider the evidence outside the record or the argument based on these documents; that the issue raised herein be resolved in Appellant's favor; that the trial court's order be reversed and remanded for an evidentiary hearing to determine Appellant's costs and attorneys' fees pursuant to §74.351(b)(1) and that Appellant be granted any additional relief, legal or equitable, to which it may be entitled.

Respectfully submitted,

LAURA A. CAVARETTA
State Bar No. 04022820
CAVARETTA, KATONA & LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500

11

San Antonio, Texas 78205
Phone: 210/588-2901
Fax: 210/588-2908
Cavarettal@ckl-lawyers.com

ATTORNEY FOR APPELLANT
BEXAR COUNTY HOSPITAL DISTRICT
d/b/a UNIVERSITY HEALTH SYSTEM

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP P. 9.4 the undersigned counsel certifies that she relied on a word count computer program in preparing this document, that the font size is 14 point, and that this Appellants' Brief complies with TEX. R. APP. P. 9.4 in that it contains 7,500 words or less, excluding the items noted in Rule 9.4(i)(1). This Appellant's Reply Brief contains 2,451 words.

_____
Laura A. Cavaretta

## CERTIFICATE OF SERVICE

This is to certify that a correct copy of the above and foregoing has this the 13th day of July 2015 been forwarded to:

Paul Saputo, Jr.                    **VIA ELECTRONIC FILING SERVICE**
SAPUTO LAW FIRM
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, Texas 75207
paul@saputo-law.com

_____
Laura A. Cavaretta